**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLORIA E. LOZA, a.k.a. Gloria Elsi Loza Guevara, | No. 11-70563 |
| Petitioner, | Agency No. A094-308-246 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2012[**]

Before:    LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Gloria E. Loza, a native and citizen of El Salvador, petitions for review of

the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Loza contends her life was threatened on account of imputed political opinion. Even assuming Loza's credibility, the agency reasonably concluded that the murder of Loza's husband and the threats against her were based on a personal vendetta. *See Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th Cir. 2001) (evidence indicated attack on petitioner and disappearance of aunt were due to personal vendetta and report of rape, not imputed political opinion). Further, the agency reasonably concluded that the evidence was insufficient to show a statutory nexus with regard to Loza's brothers' deaths. *See Parussimova v. Mukasey*, 555 F.3d 734, 741-42 (9th Cir. 2009) (evidence revealed no causal connection between protected ground and attack on petitioner). Thus, substantial evidence supports the agency's finding that Loza did not establish a nexus to a protected ground. *See id.* at 740 ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Accordingly, Loza's asylum and withholding of removal claims fail. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

Finally, substantial evidence supports the agency's denial of CAT relief because Loza failed to establish it is more likely than not that she would be tortured at the instigation or with the acquiescence of the government if removed to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**